## Case No. 11,330.

### POTTER et al. v. HOLLAND.

[4 Blatchf. 238; 1 Fish. Pat. Cas. 382; Merw. Pat. Inv. 424.] [1]

Circuit Court, D. Connecticut. Dec., 1858.

PATENTS—CONSTRUCTION—PRIMA FACIE EVIDENCE OF VALIDITY — COMMISSIONER'S DECISION AS TO REISSUE — COMBINATION — VALIDITY — LIBERAL CONSTRUCTION—NOVELTY.

1. The inventions of Allen B. Wilson. embodied in his patent of November 12th, 1850, for "improvements in sewing machines," as reissued January 22d, 1856, and December 9th, 1856, defined and explained.

2. A patent is prima facie evidence that the grant contained in it is valid, that what it purports to secure was new and required invention and is useful, and that it was invented by the patentee; and such prima facie evidence must have full effect unless it is rebutted by sufficient countervailing evidence.

[Cited in McComb v. Brodie, Case No. 8,708; Smith v. Woodruff, Id. 13,128a.]

3. The decision of the commissioner of patents, in reissuing a patent, under section 13 of the act of July 4, 1836 (5 Stat. 122), that the reissued patent is for the same invention originally discovered and intended by the patentee to be secured by the original patent, is not re-examinable by this court, unless it is apparent, upon the face of the patent, that the commissioner has exceeded his authority, or unless there is a clear repugnancy between the old and the new patents, or unless the new one has been obtained by collusion between the commissioner and the patentee.

[Cited in Sickles v. Evans, Case No. 12,839; Blake v. Stafford, Id. 1,504; House v. Young, Id. 6,738.]

4. Wilson having invented a new mechanical automatic feed motion in a sewing machine, which is not to be used in conjunction with, or in aid of, or in addition to, any old mode of feeding, but is a new and independent element. in a combination consisting of a table or platform to support the material to be sewed, and a sewing mechanism, and such new feed motion, such combination forming a new machine: *Held*, that such machine is a new and different machine from a machine containing the combination of the old elements—a table or platform, and a sewing mechanism, and another kind of feed motion—and is not merely an improvement on the machine containing such combination of old elements; and that Wilson has a right to cover, by his patent, the combination, in a single machine, of the two old elements—a table or platform, and a sewing mechanism—and the new feed motion, and is not obliged to limit his claim to an improvement on the old feed motion.

[Cited in Potter v. Muller, Case No. 11,334.]

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 4 Blatchf. 238, and the statement is from 1 Fish. Pat. Cas. 382. Merw. Pat. Inv. 424, contains only a partial report.]

5. A patent is to be construed liberally, and is not to be subjected to a rigid interpretation; and it is to be presumed that the commissioner of patents has done his duty and has not granted a patent when he ought not to have granted one.

[Cited in Burke v. Partridge, 58 N. H. 351.]

6. The validity of a patent is not to be determined by the amount of invention required to produce what it covers. If the device is new and useful, there is a sufficient amount of invention to authorize a patent.

7. The effect of quiet enjoyment, acquiescence, recoveries without collusion, and strong evidence as to novelty, in inducing the issuing of a provisional injunction to restrain the infringement of a patent, considered.

8. To authorize such an injunction, it is not necessary that all the claims of a patent should have been infringed by the defendant.

[2] [In equity. This was a motion [by Orlando B. Potter and Nathaniel Wheeler] for a provisional injunction to restrain the alleged infringement [by Goodrich Holland] of letters patent [No. 7,776], for an "improvement in sewing machines," granted to Allen B. Wilson, November 12, 1850. The original patent was surrendered and reissued January 22, 1856, in two divisions or patents, designated as reissue Nos. 345 and 346. Reissue 345 was surrendered and reissued December 9, 1856, the last reissue being designated as reissue No. 414. A question relating to the validity of these reissues was argued in September, 1858, and the opinion of the court is reported in Potter v. Holland [Case No. 11,329]. The claims of the original patent of 1850, were as follows: "What I claim, etc., is forming a stitch by each throw of the shuttle and corresponding motion of the needle; that is to say: making one stitch at each forward, and another at each backward motion of the shuttle, both constructed, arranged, and operating as herein described, or in any other mode substantially the same. Second. I claim the combination of the sliding bar, Q, the plate, r, the feeding-plate, V, the spring. W, the screw, t, the lever, R, and the clamping plate, T, for holding and feeding the cloth to the needle, and regulating the length of the stitch, in the manner herein described, or in any way substantially the same." The claim of reissue 345, afterward surrendered, was as follows: "What I claim is forming a stitch by each throw of the shuttle and corresponding motion of the needle; that is to say: making one stitch at each forward, and another at each backward motion of the shuttle, both constructed, arranged, and operated as herein described, or in any other mode substantially the same." The claims of reissue 346 were as follows: "What I claim is, the method of causing the cloth or material to be sewed in a sewing machine, to progress regularly by the joint action of the surfaces between which it is clamped, and which act in conjunction, substantially in the manner and for the purpose

2 [From 1 Fish. Pat. Cas. 382.]

herein specified. 2d. I claim holding the cloth or other material at rest by the needle, or its equivalent, in combination with the method of causing it to progress regularly, the whole substantially as herein set forth. 3d. I claim arranging feeding surfaces, substantially such as are herein specified, in such relation to the needle as herein set forth, that they, or one of them, shall perform the office of stripping the cloth or material from the needle as it rises, or recedes from it, as herein described. 4th. I claim so mounting and attaching one of the feeding-surfaces to some other part of the machine, that it may be removed or drawn away from the other surface at pleasure, substantially in the manner and to effect the objects herein set forth." The claims of reissue 414, obtained by surrender of reissue 345, were as follows: "I claim: 1st. The combination, in a single machine, of these three following elements, namely: A table, or platform, to support the material to be sewed, holding it for the action of the needle, and presenting it properly to the grasp of the feeding apparatus; a sewing machine proper, consisting of a needle and shuttle, or their equivalents, and a mechanical feed automatic and causing the cloth to progress regularly, by a feeding mechanism, to which the cloth is not attached, and so grasping the cloth that it may be turned and twisted by the hand of an operator, such twisting not interfering with the regular progression of the cloth; and the whole being constructed and acting together, and in combination with each other, substantially in the manner and for the purposes herein specified. 2d. I claim moving a shuttle, so shaped and held by its race, that jaws may embrace it, by means of two jaws, which are alternately in contact with the shuttle, and are constructed and move substantially in the manner herein set forth, making and breaking their contact without any aid from cams or springs, or the equivalents of such devices. And, lastly, I claim a double-pointed shuttle, substantially such as is herein specified, in combination with jaws for driving it, substantially such as are described, whereby the shuttle may be thrown alternately from opposite directions, through loops, without practically disturbing the loop-thread."

[The feeding device described by Wilson, consisted of a bar beneath the table, having, upon the upper side of one vibrating end, serrations, or roughened projections, resembling, somewhat, a shoemaker's rasp. A slot in the table permitted these projections to rise slightly above its surface, so that cloth laid upon it would be caught by the projections and carried forward with each forward movement of the bar. To afford resistance, and enable the serrations to seize the cloth, a plate pressed upon the cloth from above, kept in place by a spring, and this plate or presser, and the roughened bar, constituted the "two feeding surfaces," which were the principal features of the patent. The teeth upon the bar projected forward, so that they caught the cloth when moving in that direction, but slipped under it without moving it, when drawn backward; a result which was facilitated by the descent of the needle through the cloth simultaneously with the retraction of the feed-bar.] [2]

R. S. Baldwin, R. J. & C. R. Ingersoll, and Geo. Gifford, for complainants.

James T. Brady and Edward N. Dickerson, for defendant.

INGERSOLL, District Judge. Prior to the invention of Wilson, the cloth to be sewed in a sewing machine had been fed by various devices. In some of the machines known, the material to be sewed was advanced under the needle by the hand of the operator. In other machines, the material was secured upon a baster-plate or frame, by means of nippers or pins, or some suitable contrivance, and this plate received a regular progressive motion, through the agency of suitable machinery. In the former machine, there was no security of any regularity of stitch; but, by it, curved seams could be sewed. In the latter, there was a regularity of stitch, but the baster-plate hampered the free motion of the cloth, prevented its being turned, and reduced the capabilities of the machine, and prevented it from sewing seams of any considerable degree of curvature. To obviate the objections to the old modes Wilson made his invention. The feed between his surfaces is not effected by a continuous intermittent motion of the surfaces forward, but is effected by the reciprocating intermittent motion of one of them in conjunction with the pressure made by the other one. He dispenses with the baster-plate or baster, and, by the instrumentalities which he adopts, a regularity of stitch is secured, the cloth is not hampered by the baster-plate, and seams can be formed of almost all degrees of curvature. By his invention the difficulties and objections incident both to a hand feed and to that derived from the baster-plate are obviated, while, at the same time, the good features of both are retained. A regularity of stitch and the sewing of curves are secured. Surfaces, as before used and applied, could not be used and applied to cloth, so as to sew seams of any considerable degree of curvature. By his devices, as contrived, the cloth, while held between the surfaces, can be turned and twisted so as to sew curved seams, it being grasped in only a small portion of its surface by the feeding clamps.

The patent No. 346 purports to be for the invention of a new and useful method of feeding the cloth or material to be sewed, in machines for sewing, and it purports to grant to Wilson and his assigns, the exclu-

---

[2] [From 1 Fish. Pat. Cas. 382.]

sive right, for fourteen years from the 12th of November, 1850: (1) To the method described in the specification, of causing the cloth or material to be sewed in a sewing machine, to progress regularly, by the joint action of the surfaces between which it is clasped, and which act in conjunction, substantially in the manner and for the purposes in the specification mentioned; which manner is a regular intermittent progress of the cloth, by the means described, so that the cloth, while grasped by the surfaces, can be turned as it was before turned, when the cloth was advanced by the hand of the operator, and which purpose is to secure a regularity of stitch, and also that seams may be sewed of any considerable degree of curvature. (2) To the method of holding the cloth or other material at rest by the needle, as described in the specifications, or its equivalent, in combination with the method of causing it to progress regularly as in the patent is set forth. (3) To the mode of arranging feeding surfaces substantially as in the specification set forth, in such relation to the needle, that they, the feeding surfaces, or one of them, shall perform the office of stripping the cloth or material from the needle, as it rises or recedes from it. (4) To the mode of mounting and attaching one of the feeding surfaces to some other part of the machine, as described, so that it may be removed or drawn away from the other surface at pleasure, to effect the objects in the specification set forth. The patent is prima facie evidence that the several grants of right contained in it are valid, that the several things, methods and devices granted were new, that they are useful, that they required invention, and that they were the invention of Wilson; and this prima facie evidence must have full effect, unless it is rebutted by sufficient countervailing evidence.

The invention described in patent No. 414, purports to be certain new and useful improvements in machinery for sewing seams; and, among other things, it purports to grant to Wilson the exclusive right, for fourteen years from the 12th of November, 1850, to the combination, in a single machine, of the three following elements, namely, a table or platform to support the material to be sewed, holding it for the action of the needle, and presenting it properly to the grasp of the feeding apparatus; a sewing mechanism proper, consisting of a needle and shuttle, or their equivalents; and a mechanical feed automatic, causing the cloth to progress regularly, to which the cloth is not attached, and so grasping the cloth that it may be turned and twisted by the hand of an operator, such twisting not interfering with the regular progression of the cloth, and the whole being constructed and acting together, and in combination with each other, substantially in the manner and for the purposes in the specification set forth. This patent is prima facie evidence, also, that the grants of right

contained in it are valid, that the improved combination which the patent purports to secure was new and is useful, that it required invention, and that Wilson was the inventor of the same.

The patents upon which this bill of complaint is founded are reissued ones, the original one which was surrendered having been granted on the 12th of November, 1850. The question of the validity of the surrender has been heretofore argued and determined. See Potter v. Holland [Case No. 11,330].

The 13th section of the patent act of July 4, 1836 (5 Stat. 122), provides, that, whenever any patent shall be inoperative or invalid, by reason of a defective or insufficient description or specification, or by reason of the patentee's claiming in his specification, as his own invention, more than he had a right to claim as new, if the error shall have arisen by inadvertency, accident or mistake, and without any fraudulent or deceptive intention, it shall be the duty of the commissioner, upon the surrender of the old patent, and the payment of the further duty of fifteen dollars, to cause a new patent to be issued to the inventor for the same invention, for the residue of the period then unexpired, for which the original patent was granted, in accordance with the patentee's corrected description and specification. The power and duty of granting a new patent for the original invention, when a lawful surrender of the old patent has been made, are by law expressly confided to the commissioner. The decision made by him in this case is, that the reissued patents are for the same invention originally discovered and intended by the patentee to be secured by the original patent. That decision the law has confided to his judgment. The court must take that decision as a lawful exercise of his authority. It is not re-examinable here, unless it is apparent, upon the face of the patent, that the commissioner has exceeded his authority, or unless there is a clear repugnancy between the old and the new patents, or unless the new one has been obtained by collusion between the commissioner and the patentee. Woodworth v. Stone [Case No. 18,021]. It is not apparent upon the face of either of the reissued patents, that the commissioner, in granting the same, exceeded his authority; neither does there appear to be any clear repugnancy between the old patent and the new ones; nor is there any satisfactory evidence to show that either of the new patents was obtained by collusion between the commissioner and the patentee. The exception taken by the defendant, that the invention secured by the reissued patents was not the invention of the patentee when the original patent was granted, and was not intended by him to be secured by that patent, must, therefore, fail. The grants of right contained in the reissued patents must, therefore, be considered valid grants of right, entitled to protection, unless it appears upon the face

of the patent that they are invalid, or unless the prima facie evidence which the patents afford, that the several things, methods and devices patented were new and useful, that they required invention, and that they were the invention of Wilson, has been destroyed by sufficient countervailing testimony.

What is patented by the patent No. 414 is a sewing machine, having in combination the three elements above described, namely, a table or platform, to support the material to be sewed, in the manner stated; a sewing mechanism proper, as described; and a mechanical feed automatic, as described. The only element that is claimed to be new is the mechanical feed automatic, by which the cloth is made to progress regularly to be sewed, and to which the cloth is not attached. It is insisted by the defendant, that, before the invention of Wilson, a sewing machine, having in combination the three elements, of a table or platform, to support the material to be sewed, a sewing apparatus, and a feed motion, by which the cloth was made to progress to be sewed, was known and in public use; and this being so, it is claimed that, if Wilson did invent a new mechanical automatic feed, entirely unlike any feed motion before known, except only in its being a feed motion, he could not, by the patent law, have patented to him the combination, in a single machine, of the elements of the table or platform, to support the material to be sewed, and the sewing mechanism, which constituted two of the elements of the old combination, and the new mechanical automatic feed invented, but that he could only have patented to him an improvement on the old feed motion, by which the old combination would be made more useful, and that a patent for such a new combination as is patented, is void. "Whoever discovers that a certain useful result will be produced in any art, machine, manufacture or composition of matter, by the use of certain means, is entitled to a patent for it, provided he specifies the means he uses, in a manner so full and exact, that any one skilled in the science to which it appertains, can, by using the means he specifies, without any addition to or subtraction from them, produce precisely the result he describes. And, if this cannot be done by the means he describes, the patent is void. And, if it can be done, then the patent confers on him the exclusive right to use the means he specifies, to produce the result or effect he describes, and nothing more." O'Reilly v. Morse, 15 How. [56 U. S.] 62, 119.

Wilson invented a new mechanical automatic feed, which causes the cloth to be sewed to progress with a regular, intermittent motion, and to which the cloth is not attached. It was new, never having before been known. It was a new mechanical automatic feed. It was an improvement on the old feed only in that sense, that any new and useful mechanical device, to accomplish a given object, is an improvement on all other known mechanical devices to accomplish the same object. It is not something in aid of the old mode, and to make the use of any old mode better. It dispenses with and discards the old modes, and substitutes in their place other means, to accomplish a useful result. It is not an addition to any old mode, to be used in conjunction with such old mode, and to make such old mode better and more effectual. If it were, then there would be force in the exception taken by the defendant to the patent and now under consideration. Barrett v. Hall [Case No. 1,047]. Having discovered such new mechanical automatic feed, which was to be used independent of all other feeds, and not in conjunction with, or in aid of, or in addition to, any old mode, he discovered, that, by the use of the means by which it was accomplished, in combination with a table or platform, to support the material to be sewed, in the manner stated, and a sewing mechanism proper, as described, a new machine would be produced, that would accomplish a certain useful result. By the combination of these means in a machine, the elements of which were partly old and partly new, such useful result is produced. If Wilson made this discovery, and it was new, the patent which purports to confer on him the exclusive right to use these means in combination, in a machine to produce such useful result, must be valid; and it was his discovery, and it was new, unless the old combination of a table or platform to support the material to be sewed, and a sewing apparatus, and some kind of a feed motion, which caused the cloth to be sewed to progress, was a combination of the same means.

If Wilson's new mechanical automatic feed were but an improvement on the old feed, and to be used in conjunction with or in aid of, or in addition to, the old feed, then his combination would include the old one; then his combination would be the old combination, with an improvement of one of the old elements composing the old combination added to it; then there would be a combination of the same means, in what was patented to him, that existed in the old mode, with something in addition, to improve one element of the combination of the old means used. But it has been already shown, that Wilson's new mechanical automatic feed is not to be used in conjunction with, or in aid of, or in addition to, the old feed, that it is not merely an improvement on the old feed, but that it is independent of it, that it dispenses with it, that it discards it, that it is an entirely new device, and not something added to an old device. The old mode was not a combination including all feed devices, known and unknown, but only one of certain known devices, acting in a particular way. As Wilson's mechanical automatic feed is not used in conjunction with, or in aid of, or in addition to, the old feed, which made one of

the elements of the old combination, but is a new and independent element in the combination patented to him, and not an improvement merely in one of the elements of the old combination, it must be held that a machine containing the combination of elements patented to him, is a new and different machine from a machine containing the combination of old elements known before his invention, and not an improvement merely on such machine containing such combination of old elements. The exception taken by the defendant to the validity of the patent No. 414, must, therefore, be overruled.

As has already been shown, there are four several claims and grants of right in the patent No. 346. The defendant admits that the second claim is, by itself, a valid claim. But it is insisted that that is vitiated by the patentee's making, in the same patent, and joining with it, invalid claims of right; and exception is taken to the other three claims. It is urged that each of the other three claims is invalid.

In considering the questions that have been raised against the validity of the patent, it should be borne in mind that patents are to be construed liberally; that they are not to be subjected to a rigid interpretation; and that it is to be presumed that the commissioner has done his duty, and has not granted a patent when he ought not to have granted one.

In regard to the first claim, the ground taken is, that the cloth, or material to be sewed, will not progress regularly, merely by the joint instrumentality of the surfaces between which it is clasped; that, in order to make it progress regularly, the aid of the needle, or some other instrumentality, is required; that, therefore, no useful result is produced by the use of the means in the claim specified; and that a patent for the same is invalid. It appears, by the operation of the devices patented to Wilson, when they are properly adjusted, that the cloth, or material to be sewed, will progress or go forward regularly, as claimed, by the joint instrumentality of the surfaces between which it is clasped, without the aid or assistance of any other instrumentality, and be ready, after it has progressed and gone forward as desired, to be acted upon by the needle, for the purpose of being sewed. The instrumentality of the needle is not required to make the cloth progress or go forward. It is a security, however, that the cloth shall be kept stationary after it has progressed and gone forward, while one of the surfaces, by whose instrumentality the cloth is made to advance, is receding, preparatory to another progress of the cloth forward, as desired, by the joint instrumentality of the same two surfaces between which the cloth is clasped. The way in which the cloth is made to progress regularly by the instrumentality of the two feeding surfaces, without the aid of the needle, is pointed out in the specification. To effect this operation, the lower feeding surface is roughened by small teeth, like saw teeth, which, when moved in one direction, slip under the cloth, without moving it, but, when moved in the other direction, catch the material on the points of the roughened surface, and force it to traverse along with the surface. When the devices are properly adjusted, this is accomplished. The use of the means specified in the claim does, therefore, produce a useful result.

It is insisted that the third grant of right in the patent No. 346, is not for any new means to accomplish a useful result. Prior to the invention of Wilson, a stripper had been known and used. He did not invent the stripper. He does not pretend to have invented it. He claims to have invented a new mechanical automatic feed, and to have invested one of the feeding surfaces, in his new mechanical automatic feed, with the additional power or function of stripping the cloth from the needle, which function in a feed surface was not before known. If his mechanical automatic feed (the instrumentalities by which the feed is effected being the surfaces acting as described) was new, and if, before his invention, one of the feed surfaces had not been used as a stripper, then it will necessarily follow that the grant made to him of his peculiar mode of arranging his feeding surfaces as in the specification set forth, in such relation to the needle, that one of them, in addition to performing the office of causing, with the aid of the other surface, the cloth or material to be sewed to progress regularly, shall perform the additional office of stripping the cloth or material from the needle, as it rises or recedes from it, was new, although a stripper distinct and independent of the feed surfaces was well known before, and was therefore old. The peculiarity of the invention is, that one of the feed surfaces is used as a feed surface and also as a stripper, that it acts in this two-fold capacity, and that it has this double character. The defendant insists that the stripper which he uses is one which has long been known, and was in use prior to the invention of Wilson. That may be so; and, if it is so, it will have its proper effect when the question of fact, whether the defendant has infringed on the third grant of right to Wilson, comes to be considered. The question now under consideration is, whether the third grant of right contained in the patent is invalid—not whether the defendant has infringed upon that grant of right. The grant of right is the mode of arranging feeding surfaces as pointed out, so that they, or one of them, in addition to the office which they perform of acting as a feeder, shall also perform the office of a stripper. This was new, and not before known. The grant of right, therefore, is valid; which grant of right, however, will not prevent the defendant from using any stripper which was known and in use prior to the invention of Wilson.

It is insisted, also, that the fourth grant of right in this same patent is invalid, for the alleged reason, that that which is granted required no invention. The patent is prima facie evidence that what is granted did require invention. The validity of the grant is not to be determined by the amount of invention that was required. If the device is new, if it is useful, and if it had not been known before, there is a sufficient amount of invention to authorize a patent. Curt. Pat. p. 5, note 1. It has been already shown that the method described in the specification, of causing the cloth or material to be sewed to progress regularly, by the joint instrumentality of the surfaces between which it is clasped, for the purpose specified, is useful, and did require invention. It follows, therefore, that the action of the surfaces, as described in the patent, is useful, and required invention. If the action of the surfaces, as described in the patent, is useful, and required invention, it follows that something added to the surfaces, by which their action will be facilitated, and be made more perfect and useful, is also useful; and, if so, there was sufficient invention to authorize a patent. The fourth claim is for so mounting and attaching one of the surfaces, in a particular manner, that the action of both of the surfaces may be more effectual and perfect and useful than such action would be without having one of the surfaces so mounted and attached. If, therefore, the means, namely, the feeding surfaces, which, by the device in the fourth claim mentioned, were to be made more useful, were new and useful without such device, it follows that the device which made them more useful accomplished a new and useful result, and was, therefore, a new and useful device. If it was new as well as useful, there was sufficient invention to authorize a patent. The exception taken by the defendant to the fourth claim, must, therefore, be overruled.

The evidence to support the plaintiff's rights are, the issuing of the patents; the quiet enjoyment under them, for a considerable time; several judgments at law, as well as decrees in equity, in which parties have already been enjoined; and the affidavits of several persons qualified to know, who testify that the invention was new. No patent is issued without an examination at the patent office, by persons skilled in the subject, into the specification, and the subject and extent of the claims. The commissioner is entrusted, by law, with the power and duty of granting patents for new and useful inventions. He is authorized to grant a patent only for a new and useful invention or improvement, and it is to be presumed that he has performed his duty, and has not neglected or disregarded it. Under these circumstances, the patent, when issued, affords prima facie evidence of the novelty and utility of the invention patented, which prima facie evidence is sufficient to establish such novelty and utility, unless it is rebutted by countervailing testimony.

It is charged, in the bill, that the public have for a long time acquiesced in the validity of the invention by Wilson. This charge is not sufficiently met by the defendant. There have been several suits at law on the patents, in which verdicts and judgments have been obtained by the plaintiffs. It is true, that, when the trials were had, the validity of the patents was not contested, though such validity was threatened. The judgments were obtained without collusion. Under these circumstances, the evidence is strong in favor of the plaintiffs' rights. Orr v. Littlefield [Case No. 10,590]. There have also been suits in equity, in which parties have been enjoined against the use of the invention patented to Wilson. The whole subject was also investigated by the commissioner of patents, and determined in favor of the patentee, on a question of interference had before him. In addition thereto, the evidence of witnesses well qualified to know, is strong in favor of the novelty of the invention. The strong case thus made out is not shaken by the evidence relied on by the defendant. The various inventions relied on by him, as shown by the models introduced before the court, appear to be different from the invention of Wilson. There are three claimed inventions relied on by the defendant as being prior to that of Wilson, where there have been no models produced before the court, namely, what have been called the Serrell invention, the Carpenter invention, and the Watson invention. The evidence to establish the identity of these claimed inventions, or either of them, with that of Wilson's, is not sufficient to destroy or impair the strong case made out on the part of the plaintiffs. It must be held, therefore, that the inventions patented to Wilson were new and useful, and that his patents are valid patents.

A machine of the defendants has been produced in court. Having determined what the grants of right were to Wilson, it is easy to determine, from the operation of the machine produced, aided by the testimony of witnesses who have been examined on the question of infringement, whether the devices in that machine interfere with any of the grants of right so secured to Wilson and his assignees. It has the contrivances and peculiarities which constitute the prominent features of the Wilson invention. In particular, it has substantially the method described in the specification of Wilson, of causing the cloth or material to be sewed, to progress regularly, by the joint instrumentality of the feeding surfaces, as described, between which it is clasped, and which act in conjunction, in the manner and for the purposes in said specification specified. It has substantially the method of holding the cloth or other material at rest by the needle, as described in combination with the method of causing it to progress regularly. It has the substantial means used

by Wilson, and described by him in his specification. To authorize an injunction, it is not necessary that all the grants of right to Wilson should have been infringed. All that is required is, that some of them should have been. I do not, therefore, go into the question of fact, whether the defendant has used any other stripper except such as was known or used as a stripper prior to the invention of Wilson. In the patent No. 346, there are four several grants of right. Three of them are irrespective of any stripping operation. The patent may be violated without determining what particular kind of stripper has been used by the defendant.

With this view of the case, an injunction must issue, as prayed for.

[For other cases involving this patent, see note to Potter v. Whitney, Case No. 11,341].